**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

HARRIS SCOTT FOCER, MATTHEW
FOCER, LILLIAN NEGRON, LILLS PLACE,
INC., and SUPERSONIC E STORE, INC.,

          **Case No.: 0:26cv61087**

    Plaintiffs,

v.

SHOMARI AKHDAR, JR. and SHOMARI
AKHDAR, SR., both individually and d/b/a
ECOMMERCE FUTURE USA, LLC, a dissolved
Florida limited liability company; FAKHAR ABBA,
HAFIZ MANZOOR, and AKHDAR
ENTERPRISES LLC, an unregistered fictitious
Name,

    Defendants.

_____/

## COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF

Plaintiffs, Harris Scott Focer,  ("S. Focer"), Matthew Focer ("M. Focer"), and Supersonic

E Store Inc. ("SuperSonic"), ("collectively "Plaintiffs") by and through undersigned counsel and

sues the Defendants, SHOMARI AKHDAR, JR, ("Akhdar, Jr."),  SHOMARI AKHDAR, SR.

("Akhdar, Sr") , ECOMMERCE  FUTURE USA, LLC, a dissolved Florida limited liability

company, FAKHAR ABBAS, HAFIZ MANZOOR, and AKHDAR ENTERPRISES LLC, an

unregistered fictitious name (collectively "Akhdar" or "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for damages resulting from breach of contract and fraudulent

inducement. Defendants materially misrepresented to the Plaintiffs their expertise, ability and

willingness to start and operate an Amazon storefront to induce over one hundred thousand dollars

in payments for services and inventory, that could not be sold.

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

**THE PARTIES**

2.      Harris Scott Focer is an individual, sui juris, over the age of 18 years old with his principal place of residence in the state of New York.

3.      Matthew Focer is an individual, sui juris, over the age of 18 years old with her principal place of residence in the state of New York.

4.      Lillian Negron is an individual, sui juris, over the age of 18 years old with her principal place of residence in the state of New York.

5.      Lill's Place, Inc., is a New York Corporation, with its principal place of business in Rockville Centre, New York.

6.      SuperSonic E Store, Inc. is a New York corporation, with its principal place of business in Floral Park, New York.

7.      Akhdar Enterprises, LLC, is a fictitious entity used by Shomari Akhdar, Jr. Akhdar Enterprises, Inc is a long-dissolved Florida corporation whose officer was Shomari Akhdar, Sr., who resides in the Southern District of Florida.

8.      Shomari Akhdar, Jr., ("Akhdar") is an individual, sui juris, over the age of 18 years old with her principal place of residence in in the Southern District of Florida.  At all times, Akhdar, Jr., acted for and on behalf of himself, Akhdar, Sr., and all other Defendants who participated in the ownership and operation of the dissolved Florida entities referenced herein.

9.      Shomari Akhdar, Sr., ("Akhdar, Sr.") is an individual, sui juris, over the age of 18 years old with her principal place of residence in in the Southern District of Florida, and who works with Akhdar, Jr. in the referenced entities.

10.      Ecommerce Future USA, LLC is an administratively dissolved Florida limited liability company whose members (Shomari Akhdar, Fakhar Abbas and Hafiz Mubashar) reside in

2

the Southern District of Florida.

11.     Akhdars are the incorporator of several Florida entities, all of which appear to have been involuntarily dissolved shortly after their creation, because no uniform business reports were filed.

12.     Fakhar Abbas is an individual, sui juris, over the age of 18 years old with her principal place of residence in in the Southern District of Florida.  Fakhar Abbas is a disclosed principal of Ecommerce Future USA, LLC., who works with Akhdar, Jr. in the referenced entities.

13.     Hafiz Manzoor is an individual, sui juris, over the age of 18 years old with her principal place of residence in in the Southern District of Florida.  Hafiz Manzoor is a disclosed principal of Ecommerce Future USA, LLC., who works with Akhdar, Jr. in the referenced entities.

14.     Reserved to amend to add additional Defendants.

15.     Reserved to amend to add additional Defendants.

## JURISDICTION AND VENUE

16.     This is a civil action seeking damages for fraudulent inducement and breach of contract.

17.     This Court has diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.

18.     The Plaintiffs' claims relate to and arise out of their relationships and agreements entered into under false pretenses as well as numerous breaches of said agreements.

19.     All Plaintiffs are domiciled in New York and all Defendants in Florida.

20.     Complete diversity exists pursuant to 28 U.S.C. §1332.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### I.     FACTUAL ALLEGATIONS

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

22.     On or around November of 2023, Plaintiffs saw an advertisement online for which Defendants advertised their expertise in starting up and running Amazon FBAs.

23.     Akhdar Jr., individually and on behalf of the other Defendants, made multiple material misrepresentations with respect to his ability to successfully start and run the Amazon FBA.

24.     Specifically, Akhdar Jr., individually and on behalf of the other Defendants, expressly stated that he had significant experience and expertise in running and operating online Amazon and other ecommerce stores and had the ability to maximize the profits of such a store.

25.     Akhdar Jr., individually and on behalf of the other Defendants, expressly stated that he had significant experience and expertise in brand deals, such as Shark/Ninja and was proficient in determining products to purchase for resale at competitive pricing, ensuring that the products were saleable under Amazon's terms of service, which included an audit trail or pedigree detailing the sources from which the inventory was purchased to comply with Amazons rules.

26.     Akhdar Jr., individually and on behalf of the other Defendants, represented that he was expert at the actual nuts and bolts of fulfillment and interfacing with Amazon regarding inventory, audits and verification of Amazon's many requirements for operating relative thereto.

27.     All of Akhdar's representations were reasonably relied upon.

28.     Akhdar's representations were material and false when made.

29.     The representations were reasonably relied upon by Plaintiffs in executing the Agreement (Ex. 1) on February 2, 2024, for Supersonic, and the Addendum (Ex. 2) on April 15, 2024 which, although poorly drafted, was intended to also service Lill's Place owned by Lillian Negron ("L. Negron"), as well as S. Focer, and in which Akhdar and his businesses were obligated to purchase competitively priced goods, sell them and remit profits. In addition, Defendants were

to run the Amazon storefront – originally, only for Supersonic, but then after the execution of the Addendum, for Lill's place and also for S. Focer. The duties of Akhdar including interfacing with Amazon and tracking inventory and ensuring compliance with Amazon's regulations.

30. Since Akhdar was solely able to purchase products, Plaintiffs were damaged because, among other claims, Akhdar – without consent or disclosure – ultimately purchased large quantities of products from entities owned or controlled by him or with whom he had relationships that allowed him to make inappropriate and untoward profits.

31. Akhdar expressly stated to Plaintiffs that they own a proprietary software that would use artificial intelligence to track and project "hot" products that would sell fast.

32. In addition, Akhdar when asked by plaintiffs if they would buy their own product for Plaintiff's stores, and responded with "no".

33. The material representations herein outlined were fraudulent and intended to induce Plaintiffs into spending tens of thousands of dollars. Plaintiffs did so, spending well over $100,000.

34. Akhdar induced the Plaintiffs to pay sixty thousand ($60,000) dollars as startup fees and to execute the contracts with the intention of self-dealing and did in fact do so. (*See* Ex. 2). Further, Akhdar defrauded the Plaintiffs by "selling" them unquantified, inflated and undisclosed quantities of inventory which would not meet Amazon's requirements for audit and authenticity and ultimately presented invoices for "truckloads" of such materials without backup quantities or itemization. *See* Ex. 3. This inventory would not be accepted by Amazon with no serial numbers, pedigree and proof of authenticity.

35. On Feb 02, 2024, Supersonic and Akhdar Enterprises LLC entered into an agreement ("Agreement 1", Ex. 1) where Akhdar Enterprises LLC would provide the services

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

outlined therein.

36.     On April 15, 2024 based upon these same inducements and representations, Akhdar induced S. Focer to execute the Addendum (Ex. 2) which referenced three (3) stores, which encompassed Lill's Place and S. Focer's online store. Additional funds were provided to Defendants.

37.     Akhdar received compensation in the amount of thirty thousand ($30,000) dollars as and for initial payments to operate the stores.

38.     Akhdar received payments from Plaintiffs to purchase legitimate inventory.

39.     Akhdar purchased inventory *from himself and entities over whom he had control* or relationships rather than arm's length transactions from reputable sellers.

40.     Akhdar sold some of that inventory but then ceased operating the stores.

41.     Plaintiffs demanded performance. Akhdar continued to fail to perform.  Ultimately the Plaintiffs contacted Akhdar and terminated the relationship.

42.     Akhdar drafted the Termination Agreement. (Ex. 4).  In order to induce the Plaintiffs to execute the Termination Agreement, Akhdar represented that he had appropriate inventories, serial numbers, pedigrees and the like and would continue to manage the stores, sell the balance of the goods and remit the agreed upon percentages.

43.     Akhdar executed the termination agreement individually.

44.     Akhdar also represented that "Ecommerce Future USA" was bound by the Agreement.

45.     The representations made to induce execution of the Termination Agreement were also false when made.  Amazon had been requesting information regarding the inventory to confirm the inventory was not counterfeit, came from approved sources and that their pedigree

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

allowed for the legitimate sale of same.  Akhdar did not have any of this information – which he was required to have in order to comply with the requirements of Amazon and the contracts (*See* Ex. 3 (truckload invoices)) – or had already failed to provide them.

46.     Amazon notified Akhdar that absent the audit and proofs that it requested, the inventory would be destroyed and then destroyed the inventory due to Akhdar's failure to purchase proper inventory and to then provide the required information.

47.     Akhdar purchased counterfeit, stolen and/or improperly purchased and/or pedigreed product that did not comply with Amazon's rules and Amazon's preexisting contractual relationships with various manufacturers.

48.     Only after Akhdar disappeared again, and the Plaintiffs began investigating, did they discover the subterfuge.

## COUNT I
### Fraudulent Inducement Agreement 1
### (Supersonic E Store, Inc. v. all Defendants)

49.     Plaintiffs re-allege all the allegations in paragraphs 1 though 48 as if fully set forth herein.

50.     Akhdar, Jr., made representations personally and as a representative of Akhdar Sr. and all other Defendants to induce Supersonic to contract with him.

51.     The representations include those above and that:

a)     Akhdar Enterprises, LLC was a valid and existing limited liability company which was in the business of starting and running Amazon storefront businesses.

b)     Akhdar Jr., individually and on behalf of the other Defendants, represented that he was proficient at successfully starting and running an Amazon FBA.

c)     Specifically, Akhdar Jr., individually and on behalf of the other Defendants,

ADAMS & BLOOM, PLLC
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

represented that he had significant experience and expertise in running and operating online Amazon and other ecommerce stores and had the ability to maximize the profits of such a store.

d)      Akhdar Jr., individually and on behalf of the other Defendants, expressly stated that he had significant experience and expertise in brand deals, such as Shark/Ninja and was proficient in determining products to purchase for resale at competitive pricing, ensuring that the products were saleable under Amazon's terms of service, which included an audit trail or pedigree detailing the sources from which the inventory was purchased to comply with Amazons rules.

e)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he was an expert at the actual nuts and bolts of fulfillment and interfacing with Amazon regarding inventory, audits and verification of Amazon's many requirements for operating relative thereto.

f)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he was experienced in managing Amazon store fronts for a variety of different types of businesses, including those that sold Shark/Ninja products;

g)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he would purchase competitive products to be sold by Plaintiffs;

h)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he would interface with Amazon and follow Amazon's rules as set forth in their terms of service;

i)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he was knowledgeable with Amazon's rules and authorities of products and

ADAMS & BLOOM, PLLC
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

services; and

j)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he would make decisions and purchase products in the best interest of Supersonic E Store.

52.    These representations were known to be false when made.

53.    Akhdar Enterprises, LLC does not exist and Akhdar Enterprises, Inc., was dissolved long ago.

54.    After execution of the Agreement, indeed after, it became clear that Akhdar had no intention in seeing the success in the Amazon FBA but rather intended to sell his own inventory and abandon the project. Akhdar Jr., individually and on behalf of the other Defendants was only involved to defraud Plaintiffs out of funds and trick them into buying "truckloads" of product from himself.

55.    Akhdar failed to interface with Amazon.

56.    Akhdar did not purchase competitive products but rather purchased his own products so that he would be paid multiple times for the same goods.

57.    Supersonic reasonably relied on these representations of Akhdar in entering into the agreement.

58.    As a result of Supersonic's reliance upon the representations of Akhdar, it has been and continues to be damaged.

59.    Damages include the sums paid with the execution of Agreement 1 and its Addendum, (*See* Ex. 1 and 2)  as well as amounts paid to purchase inventory, and loss of profits from the sale thereof, in excess of $150,000.

60.    The actions of Defendants were willful and wanton and designed to harm the

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

plaintiffs and did harm the plaintiffs.

61.     Reserved for addition of a claim for punitive damages upon proffer and order granting a motion to amend to add same.

WHEREFORE, Plaintiff, prays that the Court enter judgment against Defendant and in favor of Supersonic for damages, prejudgment interest on all liquidated amounts, costs, and for such additional relief as this Court deems equitable and just.

**COUNT II**
**Breach of Contract – Agreement 1**
**(Supersonic v. Akhdar, Jr. and Akhdar, Sr.)**

62.     Plaintiffs re-allege all the allegations in paragraphs 1 though 48 as if fully set forth herein.

63.     Akhdar Enterprises, LLC does not exist and Akhdar Enterprises, Inc., was dissolved quite a few years ago and had no existence.  As a result, the individuals - Akhdar Sr. as the last officer and owner and Akhdar, Jr., who executed the contract, contracted on their own behalf.

64.     Akhdar, Jr. used the corporate name, with knowledge of the entity's lack of existence and contracted on behalf of himself and Akhdar, Sr.

65.     Defendants breached their contract with Supersonic by:

a.     Failing to make decisions based on the best interest of Supersonic;

b.     Self-dealing and purchasing excessive amounts of product from themselves with no intention or goal to help sell;

c.     Failing to communicate with Amazon appropriately as a liaison resulting in product being destroyed;

d.     Purchasing "truckloads" of products from himself without any backup, appropriate invoicing, serial numbers or any information necessary to determine

10

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

inventory or whether or not the inventory was actually sold to the Plaintiff.

66.     As a result of Defendant's breaches, Supersonic has been damaged in an amount over $150,000.00 in damages, which include $30,000 "upfront fee" paid and for lost profits on the sale of inventory, as well as lost inventory destroyed by amazon and other related consequential damages.

WHEREFORE, Plaintiff, prays that the Court enter judgment against Defendant and in favor of Plaintiff for compensatory and consequential damages, prejudgment interest on all liquidated amounts plus all attorneys' fees and costs, and for such additional relief as this Court deems equitable and just.

## COUNT III
### Fraudulent Inducement Addendum
### (All Plaintiffs v. Akhdar, Jr. and Akhdar, Sr.)

67.     Plaintiffs re-allege all the allegations in paragraphs 1 though 48 as if fully set forth herein.

68.     Akhdar, Jr., made representations personally and as a representative of Akhdar Sr. and their businesses to induce Supersonic, Lill's Place and to contract with him.

69.     The representations included that:

a)      was a valid and existing Florida limited liability company which was in the business of starting and running Amazon storefront businesses owned by Akhdar.

b)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he was proficient at successfully starting and running an Amazon FBA.

c)      Specifically, Akhdar Jr., individually and on behalf of the other Defendants, represented that he had significant experience and expertise in running and operating online Amazon and other ecommerce stores and had the ability to

11
**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

maximize the profits of such a store.

d)      Akhdar Jr., individually and on behalf of the other Defendants, expressly stated that he had significant experience and expertise in brand deals, such as Shark/Ninja and was proficient in determining products to purchase for resale at competitive pricing, ensuring that the products were saleable under Amazon's terms of service, which included an audit trail or pedigree detailing the sources from which the inventory was purchased to comply with Amazons rules.

e)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he was an expert at the actual nuts and bolts of fulfillment and interfacing with Amazon regarding inventory, audits and verification of Amazon's many requirements for operating relative thereto.

f)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he was experienced in managing Amazon store fronts for a variety of different types of businesses, including those that sold Shark/Ninja products;

g)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he would purchase competitive products to be sold by Plaintiffs;

h)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he would interface with Amazon and follow Amazon's rules as set forth in their terms of service;

i)      Akhdar Jr., individually and on behalf of the other Defendants, represented that he was knowledgeable with Amazon's rules and authorities of products and services; and

j)      Akhdar Jr., individually and on behalf of the other Defendants, represented

ADAMS & BLOOM, PLLC
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

that he would make decisions and purchase products in the best interest of Ms. Negron.

70.     These representations were known to be false when made.

71.     After execution of the Agreement, indeed after, it became clear that Akhdar had no intention in seeing the success in the Amazon FBA but rather intended to sell his own inventory and abandon the project. Akhdar Jr., individually and on behalf of the other Defendants was only involved to defraud Plaintiffs out of funds and trick them into buying "truckloads" of product from himself.

72.     Akhdar failed to interface with Amazon.

73.     Akhdar did not purchase competitive products but rather purchased his own products so that he would be paid multiple times for the same goods.

74.     Supersonic reasonably relied on these representations of Akhdar in entering into the agreement.

75.     As a result of L. Negron's reliance upon the representations of Akhdar, M. Focer has been and continues to be damaged.

76.     Damages include the sums paid with the execution of Agreement 1, as well as amounts paid to purchase inventory, and loss of profits from the sale thereof, in excess of $150,000.

77.     The actions of Defendants were willful and wanton and designed to harm the plaintiffs and did harm the plaintiffs.

78.     Reserved for addition of a claim for punitive damages upon proffer and order granting a motion to amend to add same.

WHEREFORE, Plaintiff, prays that the Court enter judgment against Defendant and in favor of Supersonic for damages, prejudgment interest on all liquidated amounts, costs, and for

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

such additional relief as this Court deems equitable and just.

## COUNT IV
### Breach of Contract Addendum
### (All Plaintiffs v. Akhdar, Jr. and Akhdar, Sr.)

79. Plaintiffs re-allege all the allegations in paragraphs 1 though 48 as if fully set forth herein.

80. Defendants breached their contract with Plaintiffs by:

    a. Failing to make decisions based on the best interest of Plaintiffs;

    b. Self-dealing and purchasing excessive product from himself with no intention or goal to help sell;

    c. Failing to communicate with Amazon appropriately as a liaison resulting in product being destroyed

    d. Purchasing "truckloads" of products from himself without any backup, appropriate invoicing, serial numbers or any information necessary to determine inventory or whether or not the inventory was actually sold to the Plaintiff.

81. As a result of Defendant's breaches, Plaintiffs have been damaged over $140,000.00 in damages, which include, initial and subsequent payments made for initial fees and inventory, lost profits on the sale of inventory, lost inventory destroyed by amazon and consequential damages.

WHEREFORE, Plaintiff, prays that the Court enter judgment against Defendants and in favor of Plaintiffs in the amount of Plaintiffs' damages, interest on liquidated amounts and costs, and for such additional relief as this Court deems equitable and just.

## COUNT V
### Fraudulent Inducement of Termination Agreement
### (All Plaintiffs v. All Defendants)

14

82.     Plaintiffs re-allege all the allegations in paragraphs 1 though 48 as if fully set forth herein.

83.     When Defendants stopped communicating, making sales or responding to Plaintiffs, Plaintiffs were persistent in winding down the relationship and taking back the management of their amazon storefronts.   Eventually the Defendants drafted a termination Agreement, Ex. 4.

84.     Defendants made representations to the Plaintiffs that enticed them to enter into the Termination Agreement.

85.     These representations included that:

a)      Ecommerce Future USA was a valid active Florida entity;

b)      Inventory remained in the possession of the Defendants as stored by Amazon and was saleable and ready to sell;

c)      The inventory was properly pedigreed, traceable and could be sold on Amazon;

d)      Akhdar had fulfilled its responsibilities, including that the inventory was purchased from reputable sellers, were supported by serial numbers and invoices, had an auditable title chain or pedigree and were not in violation of Amazon's terms of service with Plaintiffs and contractual responsibilities to manufacturers.

e)      Defendants would sell all remaining merchandise held for the Plaintiffs;

f)      Akhdar would continue to interface with Amazon concerning all remaining products;

g)      There were no known issues related to the inventory or the sale of same.

86.     These representations were known to be false when made.

ADAMS & BLOOM, PLLC
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

87.    After executing the Termination Agreement, Plaintiffs discovered that the inventory had been destroyed by Amazon.

88.    Ecommerce Future USA, LLC was involuntarily dissolved in 2022 just a year after its incorporation.

89.    The inventory was not purchased from reputable sellers, were not supported by serial numbers and invoices, had no auditable title chain or pedigree and were a violation of Amazon's terms of service with Plaintiffs and contractual responsibilities to manufacturers.

90.    Akhdar had not communicated with or replied to Amazon's requests to audit the inventory on behalf of the Plaintiffs and the inventory was held by Amazon and then destroyed.

91.    Akhdar had "purchased" the goods, in large part, from himself.

92.    When pressed, Akhdar provided invoices that purported to be for (1) "truckload" of inventory at varying prices, but no descriptions, quantities, descriptions or serial numbers.

93.    Akhdar did not assist in the selling of his fraudulent purchases from himself, because he could not and then fraudulently failed to communicate those issues to Plaintiffs.

94.    Due to the lack of communication with Amazon, Amazon destroyed over $100,000 worth of goods.

95.    The Plaintiffs reasonably relied on Defendants' representations.

96.    Consideration for the Termination Agreement failed.

97.    As a result of Plaintiff's reliance upon the representations of Defendants, Plaintiffs have been and continue to be damaged in the loss of inventory, profits, ability to contract with and sell on Amazon.

98.    The actions of Defendants were willful and wanton and designed to harm the plaintiffs and did harm the plaintiffs.

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

99.     Reserved for addition of a claim for punitive damages upon proffer and order granting a motion to amend to add same.

WHEREFORE, Plaintiffs, prays that the Court enter judgment against Defendants and in favor of Plaintiffs in the amount of Plaintiff's damages, plus all attorneys' fees and costs, and for such additional relief as this Court deems equitable and just.

## COUNT VI
### Breach of Contract – Termination Agreement
### (All Plaintiffs v. All Defendants)

100.    Plaintiffs re-allege all the allegations in paragraphs 1 though 48 as if fully set forth herein.

101.    On October 29, 2025, Akhdar induced the Plaintiffs to execute a termination Agreement requiring Akhdar to wind down the businesses, sell the remaining inventory and remit certain funds to the Plaintiffs.

102.    Defendants breached the Termination Agreement by:

a)      Not taking action to wind down the businesses,

b)      Not assisting in the sale of the remaining goods;

c)      Not performing its obligations to interact with Amazon regarding the goods stored at Amazon resulting in their destruction; and

d)      Not remitting required funds including the Plaintiffs' initial investments.

103.    Due to Defendants' breaches, Plaintiff's goods have been destroyed by Amazon and have cost Plaintiffs many tens of thousands of dollars in inventory, lost profits and ability to work with Amazon as a selling storefront.

104.    The Contract provides for an award of prevailing party attorney fees at ¶ 11. Plaintiffs have engaged the services of the undersigned attorneys and have agreed to pay a

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500

reasonable fee therefore.

WHEREFORE, Plaintiffs, prays that the Court enter judgment against Defendants and in favor of Plaintiffs in the amount of Plaintiff's damages, prejudgment interest on all liquidated amounts, plus all attorneys' fees and costs, and for such additional relief as this Court deems equitable and just.

### COUNT VII
### UNJUST ENRICHMENT

105. Plaintiffs re-allege all the allegations in paragraphs 1 through 48 as if fully set forth herein.

106. Plaintiffs transferred funds to Defendants to assist in the startup and operating of their respective Amazon FBA.

107. Plaintiffs paid funds for the purchase of inventory.

108. Defendants have obtained and used the funds from Plaintiffs without giving benefit.

109. Defendants wrongfully paid themselves for inventory that were destroyed due to Defendants malfeasance.

110. Allowing the Defendants to retain the benefits of the money paid by plaintiffs would be inequitable under the circumstances.

WHEREFORE, Plaintiffs, prays that the Court enter judgment against Defendants and in favor of Plaintiffs in the amount of Plaintiff's damages, interest on liquidated sums and costs, and for such additional relief as this Court deems equitable and just.

Plaintiffs request a jury trial on all claims and issues so triable as of right. Respectfully submitted this 14th day of April 2026.

**ADAMS & BLOOM, PLLC**
1 E Broward Blvd., Suite 805
Fort Lauderdale, Florida, 33301

18

Telephone: (954) 440-5500
Facsimile: (954) 440-5252

By: */s/ Jacob B. Scott*_____
    Marshall A. Adams, Esquire
    FL Bar No. 712426
    MAA@AdamsLawFL.com
    Jacob B. Scott, Esquire
    FL Bar No. 1048904
    JBS@AdamsLawFL.com
    Secondary Email Address:
    GLD@AdamsLawFL.com

**ADAMS & BLOOM, PLLC**
1 East Broward Blvd., Suite 805, Fort Lauderdale, FL 33301 • 954.440.5500